**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RENZER BELL,

        Plaintiff,

v.                                             Case No. 3:13-cv-479-J-34JBT

ALFRED CHAMBLISS *et. al.*,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant June Williams's ("Williams") Motion to Dismiss (Dkt. No. 32; Motion) filed on November 20, 2013. Proceeding pro se, Williams filed an answer and affirmative defenses, captioned as "Answer Affirmative Defenses," on October 25, 2013 (Dkt. No. 19; Answer). In the Motion, Williams moves the Court to dismiss Plaintiff's Amended Complaint (Dkt. No. 6) based on Federal Rule of Civil Procedure ("Rule(s))") 12(b)(6). Rule 12(b) states that "[a] motion asserting any of these defenses must be made before pleading[1] if a responsive pleading is allowed." In other words, because Williams filed the Motion pursuant to Rule 12(b)(6) after filing the Answer, the Motion is untimely. See Filo Am., Inc. v. Olhoss Trading Co., 321 F. Supp. 2d 1266, 1267 (M.D. Ala. 2004) ("Once the answer was filed, the pleadings were closed, and a Rule 12(b)(6) motion to dismiss, which did not go to the jurisdiction of the court, was inappropriate.") (citing Hallberg v. Pasco Cnty., Fla., No. 95-1354-CIV-T-17A, 1996 WL 153673, at *2 (M.D. Fla.

---

[1] Rule 7(a) defines "pleadings" to include "a complaint" and "an answer to a complaint[.]"

March 18, 1996)).[2]  Accordingly, it is

**ORDERED**:

Defendant's Motion to Dismiss (Dkt. No. 32) is **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of November, 2013.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record

Pro se parties

---

[2]  Although Williams cannot proceed under Rule 12(b)(6), Rules 12(c) and 56 may provide a basis for her to seek entry of judgment on Plaintiff's claims.  See Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp., 833 F. Supp. 587, 588 (W.D. La. 1993) ("Technically, 'a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the failure to state a claim for relief.'") (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357).  If Williams chooses to seek relief pursuant to such Rules, the Court directs Williams to the requirements of Local Rule 3.01(a), United States District Court, Middle District of Florida, which requires the movant to include in any motion "a memorandum of legal authority in support of the request."