**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RENZER BELL,

        Plaintiff,

v.                                  Case No.  3:13-cv-479-J-34JBT

ALFRED CHAMBLISS et al.,

        Defendants.

_____/

# O R D E R

      **THIS CAUSE** is before the Court on Plaintiff's Motion to Set Aside the Order, or Reverse the Order Vacating the Clerk's Entry of Default Against the Defendant William Earl Kitchings (Dkt. No. 124; Motion) and the Memorandum of Law in Support of Motion (Dkt. No. 125; Memo of Law), both filed on July 24, 2015.  Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), and 28 U.S.C. § 636, in the Motion and Memo of Law, Plaintiff objects to the Order (Dkt. No. 120; July 7, 2015 Order) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on July 7, 2015.  In the July 7, 2015 Order, Magistrate Judge Toomey granted Defendant William Earl Kitchings' Motion to Set Aside Clerk's Default and Extend Time to Respond to Complaint (Dkt. No. 115; Motion), and set aside the Clerk's Default (Dkt. No. 23) entered against this Defendant.  See July 7, 2015 Order at 5.  Plaintiff contends that Magistrate Judge Toomey's July 7, 2015 Order is contrary to law and clearly erroneous and requests that this Court reverse the Order.  See generally Motion and Memo of Law.  Defendant William Earl Kitchings responded to the Motion and Memo of Law

on September 1, 2015.  <u>See</u> Defendant Kitchings' Response to Plaintiff's Objection to Magistrate's Order Setting Aside Clerk's Default (Dkt. No. 139; Response).

## I.     Standard of Review

As Magistrate Judge Toomey's July 7, 2015 Order does not dispose of a claim or defense of any party, it is a nondispositive order.  <u>See</u> <u>Smith v. Sch. Bd. of Orange Cnty.</u>, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).  As such, to prevail in his Motion, Plaintiff must establish that the conclusions to which he objects in the July 7, 2015 Order are clearly erroneous or contrary to law.  <u>See</u> Rule 72(a); 28 U.S.C. § 636(b)(1)(A); <u>see also</u> <u>Merritt v. Int'l Bhd. of Boilermakers</u>, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[1] <u>Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.</u>, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); <u>Williams v. Wright</u>, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[2]  "Clear error is a highly deferential standard of review."  <u>Holton v. City of Thomasville Sch. Dist.</u>, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>Id.</u> (citations and

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2]  "Although an unpublished opinion is not binding . . ., it is persuasive authority." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

quotations omitted); <u>see also</u> <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" <u>Botta v. Barnhart</u>, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, 206 F.R.D. 78, 86 (S.D.N.Y. 2002); <u>see also</u> <u>Pigott v. Sanibel Dev., LLC</u>, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); <u>Schaaf v. SmithKline Beecham Corp.</u>, Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[3]   Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the July 7, 2015 Order. <u>See</u> <u>Tracy P. v. Sarasota Cnty.</u>, No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); <u>see also</u> Rule 6.01(c)(18), Local Rules, United States District

---

[3]   The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. <u>See e.g.</u>, <u>Haines v. Liggett Grp., Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992); <u>Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.</u>, 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); <u>Computer Econ., Inc. v. Gartner Grp., Inc.</u>, 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than <u>de novo</u> review. <u>See</u> <u>Merritt</u>, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. <u>See generally</u> <u>Johnson v. Bd. of Regents of the Univ. of Ga.</u>, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); <u>Botta</u>, 475 F. Supp. 2d at 185; <u>Doe v. Hartford Life & Accident Ins. Co.</u>, 237 F.R.D. 545, 547-48 (D.N.J. 2006); <u>Doe v. Marsh</u>, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); <u>see also</u> CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

Court, Middle District of Florida (Local Rule(s)) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

## II.    Discussion

In the Memo of Law, Plaintiff argues that Magistrate Judge Toomey's July 7, 2015 Order should be reversed because Defendant Kitchings failed to take quick action to correct the default against him by waiting more than 500 days to request that the default be set aside, Defendant Kitchings is culpable for the default against him, and Defendant Kitchings will not prevail on his immunity defense.[4]  See Memo of Law at 2-7.  In the Response, Defendant Kitchings asserts that Plaintiff's objection is untimely[5] and that Plaintiff's arguments are without merit.  See Response at 2-5.  Upon careful consideration of Magistrate Judge Toomey's July 7, 2015 Order, as well as the Motion, Memo of Law, and Response, the Court finds that the Order was neither clearly erroneous nor contrary to law.

---

[4]    In the Memo of Law, Plaintiff also notes that before becoming a judge, Magistrate Judge Toomey was employed by the Office of the General Counsel for the City of Jacksonville ("OCG") and that the OGC is now representing Defendant Kitchings. See Memo of Law at 8-9.  Preliminarily, the Court observes that Magistrate Judge Toomey left the OGC more than five years ago.  More importantly, other than complaining about Magistrate Judge Toomey's rulings in this case, most of which he entered before the OGC made an appearance on behalf of Defendant Kitchings, Plaintiff points to no facts suggesting Magistrate Judge Toomey's impartiality is to be questioned.

[5]    Although Defendant Kitchings contends that Plaintiff's objection was untimely, the Court has considered the merits of Plaintiff's arguments.

In light of the foregoing, it is

**ORDERED**:

Plaintiff's Motion to Set Aside the Order, or Reverse the Order Vacating the Clerk's Entry of Default Against the Defendant William Earl Kitchings (Dkt. No. 124) is **DENIED**, and Plaintiff's objections to Judge Toomey's July 7, 2015 Order are **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of October, 2015.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Pro Se Parties

-5-