**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RENZER BELL,

        Plaintiff,

v.                                                                        Case No.  3:13-cv-479-J-34JBT

ALFRED CHAMBLISS et al.,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Set Aside Order of the Magistrate Judge (Dkt. No. 112; Motion) filed on June 3, 2015.  Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), and 28 U.S.C. § 636, in the Motion, Plaintiff objects to the Order (Dkt. No. 108; May 14, 2015 Order) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on May 14, 2015.[1]  In the May 14, 2015 Order, Magistrate Judge Toomey denied Plaintiff's Motion to Compel Defendant June Williams to Complete her Oral Deposition (Dkt. No. 104).  See May 14, 2015 Order at 5.  Plaintiff contends that Magistrate Judge Toomey's May 14, 2015 Order is contrary to law and clearly erroneous and requests that this Court reverse the Order.  See generally Motion.

As Magistrate Judge Toomey's May 14, 2015 Order does not dispose of a claim or defense of any party, it is a nondispositive order.  See Smith v. Sch. Bd. of Orange Cnty.,

_____

[1]  In the Motion, Plaintiff also references document no. 109 and identifies it as another Order entered by the Magistrate Judge to which he objects.  However, document no. 109 is a reply filed by Plaintiff.  Therefore, in this Order, the Court will only address the May 14, 2015 Order.

487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in his Motion, Plaintiff must establish that the conclusions to which he objects in the May 14, 2015 Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[3] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4] Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the May 14, 2015 Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

---

[4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

Upon careful consideration of the Motion and Magistrate Judge Toomey's May 14, 2015 Order, the Court finds that the Order was neither clearly erroneous nor contrary to law. Therefore, Plaintiff's Motion will be denied and his objections overruled.

In light of the foregoing, it is

**ORDERED**:

Plaintiff's Motion to Set Aside Order of the Magistrate Judge (Dkt. No. 112) is **DENIED**, and Plaintiff's objections to Judge Toomey's May 14, 2015 Order are **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of October, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record

Pro Se Parties