UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RENZER BELL,

      Plaintiff,

v.                                                             CASE NO. 3:13-cv-479-J-34JBT

ALFRED CHAMBLISS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants Williams and Kitchings' Motion to Dismiss Second Amended Complaint ("Motion to Dismiss") (Doc. 165),[2] Plaintiff's Notice of Cross-Motion and Affidavit in Opposition to Motion, and in Support of Cross-Motion for Leave to Serve, and File a Third Amended Complaint, and to Add the Estate of Lynn Charles Owens as a Defendant ("Motion to Amend") (Docs. 179 & 180), and Defendants Williams and Kitchings' Response thereto

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The Motion to Dismiss was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 184.)

(Doc. 181).[3]

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED** to the extent that the federal claims against Williams and Kitchings in the Second Amended Complaint (Doc. 164) be **DISMISSED with prejudice**. Furthermore, the undersigned **RECOMMENDS** that the Motion to Amend be **DENIED** on the grounds of futility, undue delay, and bad faith. The undersigned also **RECOMMENDS** that Plaintiff be directed to **SHOW CAUSE** why the federal claims against the remaining Defendants, including the defaulted Defendants, should not also be **DISMISSED with prejudice**. If cause is not shown, the undersigned **RECOMMENDS** that the federal claims against the remaining Defendants be **DISMISSED with prejudice**, and that any State claims against all Defendants be **DISMISSED without prejudice** to refiling in State court.

## I.     Summary of Recommendation

This is pro se Plaintiff's fourth federal lawsuit arising from either his termination as a member of the Raines Vikings Athletic Booster Club, Inc. ("Booster Club") or his prohibition from entering the campus of Raines High School ("Raines") in Jacksonville. (*See Bell v. Wiley*, Case No. 3:11-cv-1187-J-34JRK, *Bell v. Wiley*, Case No. 3:13-cv-471-J-39JBT, *Bell v. Johnson*, Case No. 3:15-cv-

---

[3] The undersigned has considered Plaintiff's request for oral argument on these motions and recommends that it is not necessary. (Doc. 180 at 2.)

693-J-34JBT.)[4]

This case concerns Plaintiff's ouster as a member of the Booster Club. It is brought against the Booster Club itself and individuals who were officers, "Executive Board" members, and/or otherwise affiliated with the Booster Club ("Individual Defendants").[5] Although lengthy, the gravamen of Plaintiff's Second Amended Complaint ("SAC") is that Plaintiff was wrongfully ousted from the Booster Club. He alleges that the Individual Defendants wrongfully recommended Plaintiff's termination to the membership at a Booster Club meeting, and wrongfully interpreted the bylaws of the Booster Club to allow Plaintiff's termination upon a majority vote of the members present at the meeting, rather than a majority vote of all members.

Plaintiff's purported federal claims are based on 42 U.S.C. §§ 1981 and 1985. In general, Plaintiff alleges that he was discriminated against as an African American, and treated differently than white members of the Booster Club. Plaintiff

---

[4] Plaintiff has also filed numerous cases in other federal districts. *See, e.g.*, *Bell v. United Auto Grp., Inc.*, Case No. 05-2262 (NLH), 2007 WL 2892940, at *5 n.6 (D.N.J. Sept. 28, 2007) ("Plaintiff is a frequent litigant who faced several dismissals and sanctions for improper conduct in the course of litigation."); *Bell v. S. Bay European Corp.*, 486 F. Supp. 257, 261 (S.D.N.Y. 2007) (citing Plaintiff's eleven cases in that district, and his cases in three other districts); *Bell v. Penske Auto. Grp., Inc.*, Case No. 2:08-cv-13241, 2009 WL 890725, at *5 (E.D. Mich. Mar. 31, 2009) (noting that Plaintiff "has filed more than a dozen different lawsuits in federal courts in New York, Florida, and in this court"). In one case, a court found that he "has proceeded in bad faith," that he "appears to think that litigation is a game," and that he is "more of a professional litigant than he is a professional car trader." *Penske Auto. Grp.*, 2009 WL 890725, at *5, 9.

[5] There appears to be no reason why "ABC Corporations 1-10" are named as Defendants.

conspicuously omits from the SAC any mention of the race of any of the Individual Defendants.[6]

The undersigned recommends that Plaintiff's federal claims against Williams and Kitchings be dismissed with prejudice primarily because Plaintiff fails to allege any plausible claim of discrimination.  Further, the undersigned recommends that the Motion to Amend be denied on the grounds of futility, undue delay, and bad faith.  The undersigned also recommends that Plaintiff be directed to show cause why the federal claims against the remaining Defendants should also not be dismissed with prejudice.  If Plaintiff cannot show cause, the undersigned recommends that the federal claims against the remaining Defendants be dismissed with prejudice, and that any State claims against all Defendants be dismissed without prejudice to refiling in State court.

## II.     Background and Allegations of the SAC

The SAC alleges that Plaintiff, who was a member of the Booster Club at the time, was wrongfully accused of calling a fellow member an "ass-hole" at a regular meeting of the Booster Club.  (Doc. 164 at 4.)  Plaintiff denies that he made

---

[6] In the Motion to Dismiss, Defendants Williams and Kitchings state that they are both African American.  (Doc. 165 at 4.)  Even recognizing that racial discrimination within the ambit of section 1981 may occur among members of the same race, the racial composition of Defendants is a pertinent fact.  *See, e.g.*, *Holston v. Sports Auth., Inc.*, 136 F. Supp. 2d 1319, 1335 (N.D. Ga. 2000) ("As the Eleventh Circuit has noted, when the decision makers are in the same protected class as the employee complaining about an adverse employment decision, the employee faces a more difficult burden in establishing that a discriminatory animus played a role in the decision complained about.") (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991)).

such a statement, but admits that he "made a spontaneous side bar comment."[7] (*Id.* at 5.) Plaintiff alleges that Defendant Kitchings, the former president of the Booster Club, asked Plaintiff at a subsequent meeting to publicly apologize to the member he had allegedly insulted. (*Id.*) Plaintiff refused to do so and "clearly stated what was said at side bar" during the previous meeting. (*Id.*) The SAC goes on to allege that Plaintiff was wrongfully terminated as a member of the Booster Club in violation of its bylaws. He alleges in conclusory fashion that he "was treated differently than the European-American members" of the Booster Club. (*Id.* at 12.)

In partial response to the Motion to Dismiss, Plaintiff filed the Motion to Amend, and attached a proposed Third Amended Complaint ("TAC"). The proposed TAC is substantially similar to the SAC, but it identifies a Ms. Carol Gallagher as a "European-American" who was allegedly treated more favorably than Plaintiff. It alleges: "That the white comparators to the Plaintiff including Ms. Carol Gallagher were not ostracized, and did not have their membership revoked, or rescinded as did the Plaintiff despite working on committees, and sharing their ideas just like the Plaintiff did." (Doc. 180–3 at 19.) The proposed TAC also adds a defendant, the Personal Representative of the Estate of Lynn Charles Owens. Mr. Owens allegedly reported Plaintiff's derogatory statement to Defendant Kitchings. The proposed TAC also adds a State law claim for "breach of duty of

---

[7] Plaintiff never discloses the substance of this comment.

5

care."[8]

### III. Standard

#### A. Motion to Dismiss

Under Rule 12(b)(6), the Court must determine whether the complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether a plaintiff has stated a claim, the Court must determine whether the complaint satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are]

---

[8] Neither the SAC nor the proposed TAC complies with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint be a "short and plain statement of the claim showing that the pleader is entitled to relief."

...

insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly,* 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although a court must accept well-pled facts as true, it is not required to accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)

(per curiam). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### B. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982 (11th Cir. 2012) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).[9]

---

[9] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure

8

**IV.     Analysis**

    **A.     Section 1981**

As the Eleventh Circuit has stated:

> To state a claim of race discrimination under § 1981, plaintiffs must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute [e.g., to make and enforce contracts] . . . .
>
> When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race, since [d]ifferent treatment of *dissimilarly* situated persons does not violate civil rights laws.

*Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270, 1273–74 (11th Cir. 2004).  *See also* 42 U.S.C. § 1981(a).

Both the SAC and the proposed TAC are barren of any sufficient, non-conclusory allegations that Defendants intended to discriminate on the basis of race.  Plaintiff attempts to remedy this deficiency in the proposed TAC by identifying Ms. Gallagher, who is white, as an allegedly similarly situated individual because she was "working on committees, and sharing [her] ideas just like the Plaintiff did." (Doc. 180-3 at 19.)  However, this meaningless allegation does not come close to plausibly alleging that Ms. Gallagher was similar to Plaintiff "in all relevant respects besides race" as required to "raise an inference of discriminatory

---

expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

motivation." *See Jackson*, 372 F.3d at 1273–74. For example, there are no allegations that Ms. Gallagher was accused of making a derogatory statement to another member at a meeting, that she was asked to apologize, or that she refused to do so. There is not even an allegation that Ms. Gallagher made a "spontaneous side bar comment." Plaintiff has alleged only that Ms. Gallagher worked on committees and spoke. In short, Plaintiff's allegations of discrimination are implausible, and are apparently included only in an attempt to manufacture federal jurisdiction.[10] Thus, the undersigned recommends that Plaintiff fails to state a claim under 42 U.S.C. § 1981(a).

Because the proposed TAC is also subject to dismissal, the undersigned recommends that the Motion to Amend be denied on the ground of futility. *See Patel*, 485 F. App'x at 982 ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal."). Moreover, the undersigned recommends that leave to amend should be denied because of Plaintiff's undue delay. The case is now over three years old, having been filed on May 1, 2013, and Plaintiff seeks to essentially restart the case by adding a new defendant and a new cause of action. In addition, Plaintiff has consistently and repeatedly requested numerous extensions in this case. (*See* Docs. 9, 39, 58, 63, 88, 98, 129, 131, 143, 145, 162, 169, 174, 176, 183.) Plaintiff has sought to proceed on his own timetable rather than that of the Court. Although some delay

---

[10] To the extent Plaintiff is attempting to allege some sort of religious discrimination, his allegations are equally, if not more, deficient, assuming such a claim even exists.

has been attributable to Defendants, the undersigned recommends that overall there has been undue delay on Plaintiff's part.

Finally, the undersigned recommends that, particularly in light of Plaintiff's litigation history in federal court, Plaintiff's allegations of discrimination are so forced that leave to amend should be denied on the additional ground of bad faith.[11] It appears that Plaintiff, consistent with his litigation history, has sought to manufacture federal jurisdiction.[12] For all of these independent reasons, the undersigned recommends that the Motion to Amend be denied.[13]

### B.   Section 1985(3)

The undersigned recommends that Plaintiff's purported section 1985 claim fares no better.

> The elements of a cause of action under section 1985(3) are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is

---

[11] *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."); *Symonette v. Aurora Loan Servs., LLC*, Case No. 1:13-cv-24142-PCH, 2014 WL 11380946, at *1 (S.D. Fla. June 30, 2014) ("In view of Plaintiffs' history of abusive litigation tactics, the apparent lack of validity to any of Plaintiffs' claims and the interest of justice the Court finds that granting Plaintiffs leave to amend is not justified.").

[12] *See* fn. 4 *supra.* Notably, the court in *Penske Automotive Group* recognized a similar apparent attempt by Plaintiff to manufacture federal diversity jurisdiction, stating: "Bell believes that he is at liberty to adjust alleged facts to suit his claims (e.g., claiming an amount in controversy of $150,000 after a court dismissed the same claim due to his failure to prove that $75,000.01 was in controversy)." 2009 WL 890725, at *9.

[13] The undersigned also notes Plaintiff's consistent practice of seeking to amend his operative complaint apparently to avoid any substantive rulings on a motion to dismiss. (*See* Doc. 154; Doc. 39 in Case No. 3:15-cv-693-J-34JBT.)

> either injured in his person or property or deprived of any right or privilege of a citizen of the United States."
>
> More specifically, the second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

*Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627–28 (11th Cir. 1992) (citations omitted).

"For a § 1985(3) cause of action, the conduct of the defendants must have violated some law which protects the plaintiff apart from § 1985(3) itself. Put more simply, there can only be a deprivation of the rights of a plaintiff when the action of the defendants is otherwise illegal." *Lee v. Christian*, 98 F. Supp. 3d 1265, 1274 (S.D. Ga. 2015) (citations omitted).

As with Plaintiff's alleged section 1981 claim, Plaintiff's alleged section 1985 claim fails because Plaintiff has not plausibly alleged any class-based discrimination. Moreover, since Plaintiff's section 1981 claim fails, he has failed to allege any violation of a law separate from section 1985. Leave to amend this claim should be denied for the same reasons stated above in connection with Plaintiff's section 1981 claim. Therefore, the undersigned recommends that Plaintiff's federal claims against the moving Defendants be dismissed with prejudice.

### C.    Remaining Defendants and State Law Claims

The same basis for the recommendation of dismissal of the federal claims against the moving Defendants appears to apply to all other Defendants, including

the ones who have been defaulted. For this reason, the undersigned recommends that Plaintiff be directed to show cause why the federal claims against the remaining Defendants should also not be dismissed with prejudice. *See Tazo v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) ("A district court can only dismiss an action on its own motion as long as the procedure employed is fair. To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.") (citations and quotations omitted).

Finally, the undersigned recommends that if Plaintiff cannot show cause why the federal claims against the remaining Defendants should not be dismissed with prejudice, the Court should exercise its discretion to deny supplemental jurisdiction over Plaintiff's State claims, and dismiss any State claims Plaintiff may have without prejudice to him refiling them in State court. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion to Dismiss (**Doc. 165**) be **GRANTED** to the extent that the federal claims against Williams and Kitchings in the SAC be **DISMISSED with prejudice**.

2. The Motion to Amend (**Docs. 179 & 180**) be **DENIED**.

3. Plaintiff be directed to **SHOW CAUSE** in writing why the federal claims

against the remaining Defendants, including the defaulted Defendants, should not be **DISMISSED with prejudice**. If cause is not shown, the undersigned **RECOMMENDS** that the federal claims against the remaining Defendants be **DISMISSED with prejudice**, and that any State claims against all Defendants be **DISMISSED without prejudice** to refiling in State court.

**DONE AND ENTERED** at Jacksonville, Florida, on September 14, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff

Counsel of Record